733 F.2d 646
 Thomas A. JONES, Jr., dba T.A. Jones & Associates,
Plaintiffs-Appellants,
v.
COMMUNITY REDEVELOPMENT AGENCY OF the CITY OF LOS ANGELES;
Edward Helfeld, Joe L. Shugart, Jerome H. Gross, Walter
Preston, Harold L. White, Norman Rosenfeldt, Jackson Chin,
George Kantar, Patricia A. Davenport, Fremont Indemnity
Company, Inc., a corporation, American Fidelity Fire
Insurance Co., Ltd., a corporation, and United Inspection
Bureau, a corporation, Defendants-Appellees.
 Nos. 83-5607, 83-5776.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 9, 1983.
Decided May 15, 1984.
 
 Thomas A. Jones, Jr., Los Angeles, Cal., for plaintiffs-appellants.
 Kathryn Reimann, Weiser, Kane, Ballmer & Berkman, David A. Pines, Strantz, Sobelsohn & Elkin, Ronald Tuller, Barry Bernstein, Barry Bernstein Law Corp., Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before SKOPIL, FERGUSON and CANBY, Circuit Judges.
 SKOPIL, Circuit Judge:
 
 
 1
 Thomas Jones, Jr., dba T.A. Jones & Associates, ("Jones"), brought an action pro se against the Community Redevelopment Agency of Los Angeles ("CRA"), employees of CRA, two bonding companies, agents of the bonding companies, and three City of Los Angeles employees. The district court granted the motions to dismiss of Fremont Indemnity Co., Inc., American Fidelity Fire Insurance Co., Inc., Market Insurance Corporation, United Inspection Bureau, and the three City of Los Angeles employees.[1] We refer to those parties as the Bonding Company Defendants. The remaining parties, CRA and four of its employees, prevailed on a grant of summary judgment. They are referred to as the Agency Defendants.
 
 FACTS
 
 2
 Jones is a contractor who has bid on several public works programs in Los Angeles. He is black. CRA is a public entity that is authorized to improve blighted areas in Los Angeles.
 
 
 3
 In June 1974, Fremont Indemnity Co., Inc. ("Fremont") issued a performance bond that named Jones as the principal and CRA as obligee. This bond guaranteed the construction by Jones of public improvements, known as WATTS-PI-8, required under a contract between Jones and CRA.
 
 
 4
 In March 1977, American Fidelity Fire Insurance Co., Inc. ("American") issued a performance bond to Jones through its managing general agent, Market Insurance Corporation ("Market"). That bond guaranteed the construction by Jones of public improvements, known as CDP-ADAMS-PI-3, required under a contract between Jones and the CRA. American issued another performance bond to Jones in May 1978. This bond guaranteed improvements to a building owned by Dorsey Mortuary, Inc. in Los Angeles. American again issued that bond to Jones through Market. United Inspection Bureau, Inc. ("United") is the claims adjuster for American.
 
 
 5
 This action is based on disputes arising from these construction projects and their performance bonds. The details of the particular disputes need not be detailed here.
 
 
 6
 In April 1981, Jones filed a complaint in Los Angeles County Superior Court. This complaint identified as defendants all the appellees in the two appeals. It alleged conspiracy and fraud, breach of contract, and violation of the UNRUH Civil Rights Act. Jones requested damages, specific performance, and an injunction. The Superior Court granted the appellees' demurrer and granted Jones leave to amend. Shortly thereafter, the Superior Court amended its order to dismiss CRA without leave to amend. This dismissal was based on Jones' failure to file a claim against a public entity in a timely manner. See Cal.Govt.Code Sec. 900 et seq. This amended order did not name the defendant employees of CRA. It appears, nevertheless, that the parties have treated them as if they, too, were dismissed in this order.
 
 
 7
 Jones filed an amended state court complaint in September 1981. This complaint alleged the same causes of action as the first complaint, though the amended complaint stated separate causes of action for conspiracy and fraud. Upon another demurrer and leave to amend, Jones filed a second amended complaint. It contained essentially the same allegations as the other complaints, as well as an allegation of a violation of 42 U.S.C. Sec. 1983. Jones also moved for a preliminary injunction. The court heard this motion along with the defendants' demurrer. The court denied the preliminary injunction, granted the demurrer, and again granted Jones leave to amend.
 
 
 8
 On March 25, 1982 Jones filed a third amended complaint. This alleged: (1) misrepresentation and deceit, and (2) breach of fiduciary duty. After American demurred, Jones was allowed one more chance to amend his complaint. On June 16, 1982 Jones filed his fourth amended complaint, again alleging (1) misrepresentation and deceit, and (2) breach of fiduciary duty.
 
 
 9
 On July 23, 1982 the Los Angeles County Superior Court heard the demurrers of Fremont, American, Market, and United. These demurrers were sustained without leave to amend on all counts against all defendants except American. The demurrer was sustained against American without leave to amend on all counts but one, the alleged breach of fiduciary duty. This state claim against American was still pending at the time Jones brought this appeal.
 
 PROCEEDINGS BELOW
 
 10
 Jones filed his complaint in district court in July 1982. He amended his complaint before receiving any responsive pleadings. This amended complaint alleged five state claims: misrepresentation and deceit, breach of fiduciary duty, conspiracy, breach of contract, and injunction. It also included a federal claim for violation of 42 U.S.C. Sec. 1983.
 
 
 11
 In January 1983, the district court granted the Bonding Company Defendants' motions to dismiss. The court based its decision on the doctrine of abstention in regard to the state law causes of action. The court dismissed the section 1983 claim for failure to state a claim, lack of diversity, and lack of a jurisdictional statement. Jones filed a timely notice of appeal.
 
 
 12
 In March 1983, the district court granted the Agency Defendants' motion for summary judgment. The Agency Defendants based this motion on both res judicata and lack of subject matter jurisdiction over the state law claims.[2] In regard to the section 1983 claim, the motion relied on the defense of failure to state a claim. Jones also timely appealed this dismissal.
 
 ISSUES
 
 13
 1. Did the plaintiff fail to state a section 1983 claim?
 
 
 14
 2. Should the district court have allowed Jones an opportunity to amend the complaint?
 
 
 15
 3. Did the district court properly dispose of the state claims?
 
 DISCUSSION
 1. Section 1983 Claim
 
 16
 A. Standard of Review.
 
 
 17
 The dismissal of the Bonding Company Defendants for failure to state a claim is freely reviewable. Halet v. Wend Investment Co., 672 F.2d 1305, 1309 (9th Cir.1982). It will be upheld only if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts that could be proved." Id.
 
 
 18
 The grant of summary judgment in favor of the Agency Defendants is reviewed by determining "whether any genuine issue of material fact remains for trial and whether the substantive law was correctly applied." Gaines v. Haughton, 645 F.2d 761, 769 (9th Cir.1981), cert. denied, 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982) quoting Inland Cities Express, Inc. v. Diamond National Corp., 524 F.2d 753, 754 (9th Cir.1975).
 
 B. Analysis
 
 19
 The appellees argue that Jones' complaint fails to state a section 1983 claim. We are sympathetic to the fact that Jones is proceeding pro se. The allegations of a pro se complaint, "however inartfully pleaded," should be held "to less stringent standards than formal pleadings drafted by lawyers...." Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam), quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). We must decide if, even when liberally construed, "it appears beyond doubt" that Jones "can prove no set of facts in support of his claim which would entitle him to relief." Id. 449 U.S. at 10, 101 S.Ct. at 176 (citation omitted).
 
 
 20
 A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Accordingly, a pleading must "give[ ] fair notice and state[ ] the elements of the claim plainly and succinctly." 2A J. Moore & J. Lucas, Moore's Federal Practice p 8.13 at 8-111 (2d Ed.1983). There are two elements to a section 1983 claim: (1) the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights. Williams v. Gorton, 529 F.2d 668, 670 (9th Cir.1976). "Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act." Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir.1977). The plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" that support the plaintiff's claim. Id., quoting Powell v. Workmen's Compensation Board, 327 F.2d 131, 137 (2d Cir.1964).
 
 
 21
 Jones' allegation of a section 1983 violation incorporates by reference a substantial amount of his pleadings on other claims. In particular, Jones incorporates the crux of his breach of fiduciary duty claim against the bonding companies, Fremont and American. In addition, Jones alleges that because of his race he has been deprived of the right to bid on government contracts. Jones alleges that the defendants who were employees of CRA or the City of Los Angeles participated in the conspiracy, adding the requisite color of state law.
 
 
 22
 We conclude that the district court properly dismissed Jones' section 1983 claim. His allegations are conclusional and unsupported by any facts as to how race entered into any decisions.[3] This action stems from a dispute that arose after Jones had already been awarded construction contracts and received bonding. The complaint does not specify any contract Jones applied for that was denied or any performance bond he did not receive. The "factual surroundings do not serve to fill in the gaps" that exist in the section 1983 claim. See Gorton, 529 F.2d at 671.
 
 
 23
 The "factual surroundings," in fact, suggest otherwise. An example is provided in Jones' breach of fiduciary duty claim. By issuing a performance bond to Jones for his work on a building owned by Dorsey Mortuary, Inc. ("Dorsey"), American agreed to act as a surety for Jones' work on the project. Jones alleges that the owners of Dorsey falsely informed American that Jones had abandoned the Dorsey project. Jones claims he advised American that Dorsey's accusations were false. Nonetheless, Jones alleges American entered negotiations with Dorsey to "relieve itself from any obligations as a surety and cause Jones to be liable whether or not the Dorsey" accusations were true. We view this as indicating that American's alleged actions were in response to Dorsey's accusations rather than Jones' race. American's allegedly wrongful behavior may be pertinent to Jones' state law claims, but it does not support a section 1983 claim. Therefore, even upon examining the circumstances of Jones' claim, we are unable to discern any constitutional deprivation. Cf. Gorton, 529 F.2d at 671 ("conclusory words" in a complaint are insufficient to state a section 1983 claim); Agnew v. City of Compton, 239 F.2d 226, 233 (9th Cir.1956) ("no facts pleaded, other than bare generalities," to give rise to section 1985 claim).[4]
 
 2. Leave to Amend
 
 24
 A. Standard of Review.
 
 
 25
 We strictly review for an abuse of discretion the denial of leave to amend pleadings after a responsive pleading has been filed. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); Klamath-Lake Pharmaceutical Association v. Klamath Medical Service Bureau, 701 F.2d 1276, 1292 (9th Cir.), cert. denied, --- U.S. ----, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983); see also Fed.R.Civ.P. 15(a).
 
 
 26
 B. Analysis.
 
 
 27
 Jones contends the district court erred in not granting him leave to file a second amended complaint. Jones filed his first amended complaint prior to any responsive pleadings.
 
 
 28
 Leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). We have held that "an action should not be dismissed for lack of jurisdiction without giving the plaintiff an opportunity to be heard unless it is clear the deficiency cannot be overcome by amendment." May Department Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir.1980). We will not, however, allow "futile amendments." Klamath-Lake Pharm., 701 F.2d at 1293 (citations omitted).
 
 
 29
 This case presents us with the opportunity to rule on whether a second amended complaint could correct the deficiencies of the first amended complaint. Jones included a proposed second amended complaint in his Supplemental Points and Authorities in opposition to the motion to dismiss. We have reviewed the section 1983 claim in that proposed complaint. We conclude that the proposed complaint would fail to state a section 1983 claim. It is of little more merit than the first amended complaint. The proposed complaint, like the first amended complaint, contains only "conclusionary allegations, unsupported by facts."[5] Sherman, 549 F.2d at 1290. Jones again failed to "allege with at least some degree of particularity overt acts which defendants engaged in." Id. We fail to find any facts that support a constitutional injury based on race. If Jones has been otherwise injured, the state court where he originally filed a lawsuit in this matter is the appropriate forum. Cf. Doe v. Klein, 599 F.2d 338, 341 (9th Cir.1979) (federal jurisdiction fails where "alleged constitutional claims are asserted in order to obtain jurisdiction over [plaintiff's] statutory claim").[6]
 
 3. State Law Claims
 
 30
 Because we hold that the district court properly dismissed Jones' section 1983 claims, we need not address whether it properly disposed of Jones' state law claims on grounds of abstention (bonding company defendants) and res judicata (agency defendants). When federal claims are dismissed before trial, as Jones' section 1983 claim was here, pendant state claims also should be dismissed. United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).
 
 CONCLUSION
 
 31
 After a careful review of the record, we hold that Jones failed to state a section 1983 claim. We also affirm the district court's denial of leave to amend. It is evident from reviewing his proposed second amended complaint that it does not state a section 1983 claim.
 
 
 32
 Finally, there is no jurisdiction over the state claims because the federal claims were dismissed before trial.
 
 
 33
 The district court is AFFIRMED.
 
 
 34
 FERGUSON, Circuit Judge, concurs in the result.
 
 
 
 [1]
 Jones alleges these City of Los Angeles employees participated in the alleged conspiracy and section 1983 violations by making false statements concerning Jones' performance on the public improvements contracts. These defendants were dismissed at the same time the Bonding Company Defendants, with the exception of American, were dismissed. They are included in the appeal of the Bonding Company Defendants
 
 
 [2]
 Jones alleged the same causes of action against both the Agency Defendants and the Bonding Company Defendants, with the exception of the second cause of action, breach of fiduciary duty. That is not alleged against the Agency Defendants
 
 
 [3]
 The section 1983 claim is advanced in the amended complaint by realleging the substance of Jones' state law claims of misrepresentation and deceit, breach of fiduciary duty, and conspiracy. The complaint then alleges:
 Para. 97. Defendants, on the basis of race, have deprived JONES of the full and equal enjoyment of goods, services, facilities privileges, advantages and accomodations [sic] and the right to bid on government contracts as are enjoyed by white citizens. On the basis of race, defendants will continue to deny JONES and other blacks the right to purchase performance bonds and to bid on governmental projects.
 This paragraph contains the only references in the complaint to race, with the exception of paragraph 101 which alleges his claimed damages are the proximate result of the defendants' actions.
 
 
 [4]
 Because we decide that Jones failed to state a section 1983 claim, we need not address the appellees' other argument that Jones' section 1983 claim is barred by res judicata
 
 
 [5]
 The 1983 claim set forth in the proposed second amended complaint essentially realleges almost all of the allegations from the state law causes of action. Following that, Jones alleges that:
 Para. 129. Defendants, on the basis of race, have deprived Jones of the full and equal enjoyment of goods, services, facilities privileges, advantages and accommodations and the right to bind [sic] on government contracts as are enjoyed by white citizens. On the basis of race, the defendants will continue to deny Jones and other blacks the right to purchase performance bonds and to bid on governmental projects.
 Compare these allegations with those set forth in footnote 4, supra.
 
 
 [6]
 We note that the order of dismissal of the Bonding Company Defendants also included dismissal of the section 1983 claim on grounds of lack of diversity jurisdiction and lack of any jurisdictional statement. The district court erred in relying on these grounds. A section 1983 claim is a federal claim in which diversity is irrelevant for federal court jurisdiction. See 28 U.S.C. Secs. 1331. Furthermore, the lack of a jurisdictional statement is a technical defect that could be cured by an amended pleading. In that case, "justice [would] require" that Jones be given the opportunity to cure the defect. Fed.R.Civ.P. 15(a); see May Department Store, 637 F.2d 1211, 1216 (9th Cir.1980)