**HARKINS AMUSEMENT ENTERPRISES, INC.,**
Plaintiff,

v.

**The HARRY NACE COMPANY, et al., Defendants.**

**No. Civ. 80–790 PHX CLH.**

United States District Court,
D. Arizona.

Nov. 7, 1986.

Edwin Tobolowsky, N. Henry Simpson, Tobolowsky, Prager & Schlinger, Dallas, Tex., David N. Farren, Shimmel, Hill, Bishop & Gruender, Phoenix, Ariz., for plaintiff.

Sue K. McDonnell, Donavan, Leisure, Newton & Irvine, Los Angeles, Cal., for Buena Vista Dist. Co.

John P. Frank, Charles G. Case II, George L. Paul, Lewis & Roca, Phoenix, Ariz., for Certain Dist. Defendants.

Robert C. Hackett, David W. Dow, Mohr, Hackett, Pederson, Blakley, Randolph & Haga, P.C., Phoenix, Ariz., for defendant American Multi-Cinema, Inc.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

The Court has had under advisement the motion of defendants Columbia Pictures Industries, Inc., DeLaurentis Entertainment Group, Inc., Paramount Pictures Corporation, Twentieth-Century Fox Film Corporation, Universal City Studios, Inc., Warner Bros. Distributing Corporation, United Artists Corporation, Orion Pictures Corporation and United Film Distributors (hereinafter referred to collectively as "the distributor defendants") for summary judgment on the grounds that plaintiff's claims against them are barred by principles of res judicata and collateral estoppel. The motion will be granted in part.

In 1977, plaintiff commenced an action in this court, CIV 77–736 PHX WEC, alleging violations of the Sherman Act by various motion picture distributors, including all of the distributor defendants except Orion Pictures Corporation and United Film Distributors, and by various motion picture film exhibitors ("Harkins I"). Count I of the complaint charged the defendants with a conspiracy in restraint of trade or commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, "beginning sometime prior to January 1, 1968, and continuing to the date hereof." Count II alleged that the defendant exhibitors had conspired to create a shared monopoly in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, and Count III alleged that the defendant exhibitors and distributors had conspired to create a shared monopoly in violation of Section 2.

In 1980, plaintiff commenced this action ("Harkins II"). Motion Picture Association of America, Inc. and Sargoy, Stein and Hanft were named as defendants in addition to the distributor defendants. Four of the exhibitor defendants named in Harkins I were not named in Harkins II. Count I of a second amended complaint alleges a conspiracy in restraint of trade "commencing at a time unknown to Plaintiff, but at least as early as September 1, 1976, and continuing without interruption to date" in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. Count II alleges a conspiracy by the exhibitor defendants to form a shared monopoly and Count III alleges a conspiracy by the defendant distributors to form a shared monopoly, both "beginning sometime prior to September 1, 1976, and continuing to date," in violation of Section 2 of the Sherman Act. Count IV alleges a violation of the Arizona Consumer Fraud Act, Ariz.Rev. Stat.Ann. § 44–1521 *et seq.*, "commencing ... on or about the year 1973 and continuing to date."

Paragraph 21 of the Harkins I amended complaint made an allegation common to all counts:

Various other companies, firms and individuals not made Defendants in this Complaint participated as co-conspirators in the offenses charged herein and performed acts and made statements in furtherance thereof.

A substantially identical allegation was made in Paragraph 14 of the Harkins II second amended complaint.

On April 4, 1986, the late Judge Craig granted the motion of the distributor defendants for summary judgment in Harkins I. Judgment was entered on July 18, 1986. The distributor defendants now claim that adjudication of this case is barred by res judicata and collateral estoppel.

[U]nder the doctrine of res judicata, a judgment "on the merits" in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit.

*Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955). Res judicata will extinguish a second claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action to present new evidence or theories of the case or to seek new remedies or forms of relief. Restatement (Second) of Judgments, Section 25. Thus, plaintiff is required in the first action to present all grounds for recovery that could have been asserted between the same parties on the same cause of action. *McClain v. Apodaca,* 793 F.2d 1031, 1033–34 (9th Cir.1986).

Distributor defendants argue that there is a 90% overlap in the claims asserted against them in the two complaints. As to the new distributor defendant, Orion Pictures, defendants contend that collateral

estoppel applies to preclude litigation of the claims against it. Similarly, collateral estoppel would preclude relitigation of the question whether there was a conspiracy among the distributors "[b]eginning sometime prior to September 1, 1976," since Judge Craig's ruling essentially held that there was no conspiracy during the relevant period i.e. September 1973 to September 1977. Again, as stated in the Restatement (Second) of Judgments, Section 27:

When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

It is clear from reviewing the complaints that several of the claims do overlap. Both allege a conspiracy to restrain trade by engaging in various actions—clearances, splits, more-overs, bid-rigging, blind-bidding, and the attempt to create a shared monopoly. The question is whether the allegation in Harkins II that such conspiracy existed prior to September 1976 prevents the second complaint from stating a different cause of action.

Harkins relies on *Lawlor* for the proposition that a continuing conspiracy can give rise to separate causes of action. In 1942, Lawlor brought an antitrust action against three motion picture producers and a distributor of movie accessories alleging a conspiracy to establish a monopoly. Pursuant to a settlement, the action was dismissed with prejudice in 1943. In 1949, Lawlor sued the same defendants and five additional producers who licensed the distributor subsequent to the 1943 dismissal. Lawlor alleged that the defendants had conspired to establish a monopoly and that the distributor committed certain acts pursuant to the settlement calculated to destroy Lawlor's business. He sought damages for a period beginning several months after the 1943 dismissal.

The Supreme Court held that this second action was not barred by res judicata. Although acknowledging that both suits in-

volved essentially the same course of wrongful conduct, the Court concluded that such conduct may give rise to more than a single cause of action. In finding two causes of action, the Court relied on the fact that the conduct currently complained of was "all subsequent" to the 1943 judgment, new violations were alleged and the addition of five producers caused a substantial change in the scope of the alleged monopoly. 75 S.Ct. at 868. As the Court declared:

> While the 1943 judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case.

75 S.Ct. at 868.

Three other cases, all arising out of the same set of facts, have been cited by the parties as instructive on the rules of res judicata and collateral estoppel. As in *Lawlor*, each involved repeated attempts by plaintiff to recover antitrust damages from defendant movie producers and movie poster distributors.

In *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 421 F.2d 1313 (5th Cir.1970), *cert. denied*, 400 U.S. 991, 91 S.Ct. 454, 27 L.Ed.2d 439 (1971), the district court had granted summary judgment for defendant producers on plaintiff's 1961 complaint. A second suit was filed in 1964 to recover all damages incurred since entry of the 1961 judgment. Again, summary judgment was granted for defendants. Plaintiff thereafter filed a third suit in 1967 to obtain damages from the time of the second dismissal. Once again, summary judgment was granted for defendants on grounds of res judicata and collateral estoppel.

On appeal, the Fifth Circuit first examined the meaning of "cause of action" for res judicata purposes and found that the doctrine did not apply to a liberal reading of the third complaint. The court distinguished cases in which damages came from a prior act, such as breach of contract, or series of acts that have been completed except in their consequences and cases in which damages arose from actions subsequently occurring, either alone or in combination with the completed actions. On the facts before it, the court held that "significant actions ... occurring subsequent to 1961, either alone or in combination with acts [completed prior to 1961] except for their consequences" may be the basis for new damage claims since the harm currently alleged by plaintiff did not arise out of the particularized activities previously adjudicated. 421 F.2d at 1318. As for collateral estoppel, the court examined the issues raised in the earlier cases and held that the effect of the orders granting summary judgment was to wipe out all claims against the defendants arising out of the 1961 actions. Plaintiff was entitled, however, to establish antitrust violations and damages by proof covering post–1961 activities.

On remand, the district court once again granted summary judgment for defendants on res judicata and collateral estoppel grounds. The decision was affirmed in *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 517 F.2d 110 (5th Cir.1975), *cert. denied*, 423 U.S. 1054, 96 S.Ct. 784, 46 L.Ed.2d 643 (1976). Collateral estoppel was held to bar plaintiff's claims because the only issue actually raised was that the antitrust behavior, of which plaintiff had complained since 1961, had continued throughout the period sued upon and because no new or different activities or agreements were alleged. It followed that since the prior summary judgments essentially held that defendants' pre–1961 activities were lawful, plaintiff could not now attempt to prove the alleged wrongfulness of defendants' continuation of identical conduct.

*Poster Exchange, Inc. v. National Screen Service Corp.*, 517 F.2d 117 (5th Cir.1975), *cert. denied*, 425 U.S. 971, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1976), on slightly different facts, also held that plaintiff's second suit was barred by collateral estoppel because it had "failed to demonstrate any change in facts or circumstances dif-

ferentiating" the conspiracy currently alleged from the one alleged in 1961. *Id.* at 122. Again, plaintiff's entire case was that defendants continued their antitrust activities pursuant to the pre–1961 exclusive dealing contracts unsuccessfully sued upon earlier.

■ Here, the allegations of price fixing and boycotting in Count I of the second amended complaint, which were not alleged in Harkins I, are not "new claims" but simply allegations of conduct in furtherance of the alleged conspiracy in addition to the activities alleged in Harkins I. The amended complaint thus does not allege any conduct by the defendants that occurred after the commencement of Harkins I in 1977. Nor does it allege that any of the newly named defendants joined the conspiracy after the commencement of Harkins I. It follows that the Harkins antitrust and monopoly claims against the distributor defendants are barred by res judicata and/or collateral estoppel.

■ However, neither res judicata nor collateral estoppel bars the claim for consumer fraud in violation of the Arizona Consumer Fraud Act that is alleged in Count IV of the second amended complaint. The conduct of the distributor defendants alleged in Count IV is different from the conduct alleged in the other counts of the second amended complaint.

IT IS ORDERED granting summary judgment in favor of the distributor defendants and against plaintiff on Counts I, II and III of the second amended complaint.

IT IS FURTHER ORDERED denying the distributor defendants' motion for summary judgment on Count IV of the second amended complaint.