**HARKINS AMUSEMENT ENTERPRISES, INC.,**
Plaintiff,

v.

**The HARRY NACE COMPANY, et al., Defendants.**

**No. CIV 80–790 PHX CLH.**

United States District Court,
D. Arizona.

April 2, 1987.

Edwin Tobolowsky, N. Henry Simpson, Tobolowsky, Prager & Schlinger, Dallas, Tex., David N. Farren, Shimmel, Hill, Bishop & Gruender, P.C., Phoenix, Ariz., for plaintiff Harkins Amusement Enterprises, Inc.

Robert C. Hackett, David W. Dow, Mohr, Hackett, Pederson, Blakley, Randolph & Haga, P.C., Phoenix, Ariz., for defendants American Multi-Cinema, Inc., AMC Entertainment, Inc., and AMC Film Marketing, Inc.

John P. Frank, Charles S. Case, George Paul, Lewis and Roca, Phoenix, Ariz., for certain distributor defendants.

Michael N. Khourie, Joel Linzner, Khourie & Crew, San Francisco, Cal., Donald Daughton, Daughton, Hawkins & Bacon, Phoenix, Ariz., for United Artists Communications, Inc.

James L. Seal, Swerdlow, Miller, Seal & Swerdlow, P.C., Beverly Hills, Cal., for defendant Harry Nace Co.

Sue K. McDonnell, Donovan, Meisure, Newton & Irvine, Los Angeles, Cal., Bob Cunningham, Buena Vista Distributing Co., Burbank, Cal., Gary L. Birnbaum, Larry Pringle, Mariscal, Weeks, McIntyre & Friedlander, Phoenix, Ariz., for defendant Buena Vista.

John L. Amabile, Burns, Summit, Rovins & Feldesman, New York City, Andrew R. Sherwood, Levy, Sherwood, Klein & Dudley, P.A., Phoenix, Ariz., for defendant Sargoy, Stein.

HARDY, District Judge.

Pending before the Court are several motions that flow from the Court's order of November 7, 1986, 648 F.Supp. 1212, granting summary judgment in favor of the distributor defendants on Counts I, II and III of the second amended complaint. The exhibitor defendants have filed motions for summary judgment, arguing that the bases for granting summary judgment to the distributor defendants apply equally to them. Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, plaintiff has moved to alter or amend the summary judgment

granted in favor of the distributor defendants. Alternatively, plaintiff has moved to file an amended complaint. The distributor defendants have moved to dismiss Count IV of the second amended complaint, arguing (1) because summary judgment was granted on the first three counts for lack of subject matter jurisdiction (res judicata), this court should not retain jurisdiction of Count IV as a pendent state claim and (2) in any event, Count IV is not a pendent claim.

### I. Exhibitors' Motions for Summary Judgment

The exhibitors' motions for summary judgment will be granted. It should be noted that Count IV of the second amended complaint makes no allegations against the exhibitor defendants. The rationale for granting summary judgment on Counts I, II and III in favor of the distributor defendants applies equally to the exhibitor defendants.

### II. Motions to Alter or Amend Summary Judgment Granted to Distributor Defendants and Alternative Motion to Amend Complaint

The motion to alter or amend summary judgment seeks to have the Court reconsider its grant of summary judgment to the distributor defendants and to vacate the summary judgment. The motion really raises nothing new.

■ The alternative motion to file an amended complaint seeks leave to file another Second Amended Complaint in place of the Second Amended Complaint filed on July 30, 1985. A critical difference is that the proposed amended complaint alleges violations commencing "at least as early as September 22, 1977 and continuing without interruption to date hereof and continuing beyond such date unless enjoined." The July 30, 1985, amended complaint contains the same language except that the date is September 1, 1976. The original complaint alleged violations "beginning sometime prior to January 1, 1968, and continuing to the date hereof." In granting summary judgment in favor of the distributor defendants, the Court noted: "The amended complaint thus does not allege any conduct by the defendants that occurred after the commencement of Harkins I in 1977." During oral argument on the motion for summary judgment, the Court expressed its belief that plaintiff might avoid a res judicata defense by amending its complaint to allege violations that occurred after the filing of Harkins I. On reflection, this belief is incorrect.

The proposed Second Amended Complaint alleges essentially the same conduct that was alleged in the earlier Second Amended Complaint. Res judicata still applies.

### III. Motion to Dismiss Count IV

■ The distributor defendants' motion for summary judgment on Count IV was denied because their alleged conduct was "different from the conduct alleged in the other counts in the second amended complaint." The distributor defendants now argue that the Court's ruling that Count IV is "different from the conduct alleged in the other counts" is a determination that the four counts alleged in the Second Amended Complaint did not have a common nucleus of operative fact and, consequently, Count IV is not truly a pendent claim. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (state and federal claims must derive from a common nucleus of operative fact). The distributor defendants read too much into the Court's determination. That the operative facts do not establish a conspiracy to engage in blind bidding does not mean that they do not establish a separate claim for fraud.

■ The distributor defendants also argue that even though Count IV may be a pendent claim, it should be dismissed because there are no longer federal issues before the court. As a general proposition, this argument is well taken. *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139; *Jones v. Community Redevelopment Agency of Los Angeles,* 733 F.2d 646, 651 (9th Cir. 1984). However, a federal court may retain pendent jurisdiction over a state claim that is barred by the statute of limitations even though all federal claims have been dismissed. *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982).

■ Because there are no longer federal law issues to be resolved, this Court should not attempt to resolve the state law issue alleged in Count IV. If Count IV were to be dismissed outright, plaintiff's state court claim could be defeated by a statute of limitations defense. An appropriate solution of this dilemma is suspend proceedings in this case until plaintiff has filed its state court action making the same allegations that are contained in Count IV and defendants have waived their statute of limitations defense in that claim. *See Financial General Bankshares, Inc. v. Metzger,* 680 F.2d 768, 778 (D.C.Cir.1982); *U.S. Industries, Inc. v. Blake Construction Co., Inc.,* 671 F.2d 539, 551 (D.C.Cir.1982).

IV. Orders

1. Granting exhibitor defendants' motion for summary judgment.

2. Denying plaintiff's motion to alter or amend judgment and alternatively to file amended complaint.

3. Suspending further proceedings in this case until plaintiff files an action in state court making the same allegations that are alleged in Count IV and defendant have waived their statute of limitations defense in that claim. When that occurs, the Motion to Dismiss Count IV will be granted.