Leon SANDERS, Plaintiff–Appellant,

v.

CLEANNET OF SOUTHERN CALIFORNIA, INC.; et al., Defendants–Appellees,

and

Gerald Krupp, Esq.; et al., Defendants.

No. 04–56887.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Leon Sanders, Carson, CA, pro se.

William K. Henley, Esq., Hahn & Hahn, Pasadena, CA, for Defendants–Appellees.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM **

Leon Sanders appeals pro se the district court's judgment dismissing, for lack of subject matter jurisdiction, Sanders action arising from a franchise agreement he entered into with CleanNet to receive a certain number of janitorial services accounts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Murphey v.*

** This disposition is not appropriate for publication and may not be cited to or by the

*Lanier,* 204 F.3d 911, 912 (9th Cir.2000), and we affirm.

The district court properly dismissed Sander's 42 U.S.C. § 1983 claims against attorneys Krupp and Sepikas because Sanders failed to name a state actor. *See Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1161 (9th Cir.2003) (holding that plaintiff's conclusory allegations that private lawyer was conspiring with state officers are insufficient to show that opposing counsel was acting under color of state law).

The district court properly dismissed Sanders' claims against Judge Morrow on the basis of absolute judicial immunity. *See id.*

■ Dismissal was proper on Sanders' remaining claims because his complaint alleged that all parties were citizens of the same state and presented no federal question. *See Audette v. Int'l Longshoremen's & Warehousemen's Union,* 195 F.3d 1107, 1111 (9th Cir.1999). The district court also properly concluded that Sanders was collaterally estopped from invoking, as a basis for federal question jurisdiction, that CleanNet's violation of a Federal Trade Commission rule created a private cause of action because he fully litigated that issue in an earlier action. *See Offshore Sportswear, Inc. v. Vuarnet Intern., B.V.,* 114 F.3d 848, 850 (9th Cir.1997) ("Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties.") (internal quotations omitted).

The district court properly dismissed Sanders' pendent state claims without prejudice. *See Jones v. Cmty. Redevelopment Agency of City of Los Angeles,* 733 F.2d 646, 651 (9th Cir.1984).

■ The district court did not abuse its discretion by entering a vexatious litigant

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

order against Sanders because it was the fifth time he attempted to litigate these claims and had previously been declared a vexatious litigant by a California state court. *See* Cen. Dist. of Calif. Local Rule 83–8.4 (providing that the court may reference Cal.Code Civ. P. § 391(b)(2)-(b)(3) in determining vexatious litigant status); *Professional Programs Group v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (holding that application of local rules is reviewed for abuse of discretion).

Sanders' remaining contentions lack merit.

The United States' motion to file an *amicus* brief one day late on behalf of Judge Morrow is granted. The clerk shall file the brief received March 16, 2005.

AFFIRMED.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.