**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERONICA AVELAR, | No. 08-16948 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00814-PJH |
| v. | |
| YOUTH AND FAMILY ENRICHMENT SERVICES, DBA First Chance North; FIRST CHANCE NORTH; FLOYD BURRELL, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted January 14, 2010
San Francisco, California

Before: BRIGHT,[**] HAWKINS and M. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Myron H. Bright, Senior U. S. Circuit Judge for the Eighth Circuit, sitting by designation.

In district court, plaintiff Veronica Avelar ("Avelar") asserted a federal § 1983 claim against defendant Floyd Burrell; the remaining claims against Burrell and defendant/appellee Youth and Family Enrichment Services ("YFES") involved purely state law. Exercising supplemental jurisdiction over the related state claims, *see* 28 U.S.C. § 1367(a), the district court granted summary judgment in favor of YFES. Because Avelar then agreed to dismiss her claims against Burrell, including the federal claim, there were no federal claims remaining in the litigation at the entry of judgment. We have frequently recognized that when federal claims are dismissed before trial, supplemental state claims should ordinarily also be dismissed. *See Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 651 (9th Cir. 1984); *Wren v. Sletten Const. Co.*, 654 F.2d 529, 536 (9th Cir. 1981) ("When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim."); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Although we are not *required* to sua sponte consider whether the district court should have continued to exercise supplemental jurisdiction over the state law claims after dismissal of the federal claim, we are not precluded from doing so either. *See Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc); *see also Gibbs*, 383 U.S. at 727 ("The issue whether pendent [now supplemental] jurisdiction

2

has been properly assumed is one which remains open throughout the litigation.").

This case raises "a novel or complex issue of State law," the state law claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction," and "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(1)(2) & (3). Under these circumstances, we conclude that relinquishment of federal court jurisdiction is warranted, and remand with instructions that the district court vacate its judgment and dismiss the state law claims without prejudice.[1] *See Rounseville v. Zahl*, 13 F.3d 625, 631 (2d Cir. 1994); *see also Reynolds v. County of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996), *overruled in part on other grounds by Acri*, 114 F.3d at 1001.

**REMANDED with instructions**.

---

[1] We note that the statute of limitations on the supplemental state law claims is tolled during the pendency of the federal action. 28 U.S.C. § 1367 (d).

3