**A.R. SALMAN, Plaintiff,**

v.

**DEPARTMENT OF the TREASURY– INTERNAL REVENUE SERVICE, Defendant.**

**No. CV–N–95–52–DWH.**

United States District Court, D. Nevada.

June 5, 1995.

A.R. Salman, Reno, Nevada in pro per.

Kathryn E. Landreth, U.S. Attorney, Reno, Nevada, Alisa R. Margolis, U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER

HAGEN, District Judge.

Plaintiff A.R. Salman sued the I.R.S. in State court for use of a corporate name plaintiff acquired from the Nevada Secretary of State: "Department of the Treasury— Internal Revenue Service" (# 1a). The government removed to this court (# 1), and moved to dismiss and for an injunction barring Salman from filing any future actions against it without leave of the court (# 3). The court dismissed Salman's action with prejudice and ordered supplemental briefing on the government's motion for an injunction (# 5). Salman responded to the court's order by filing an abstruse document entitled "Refused for Cause Without Dishonor" (# 6), citing various inapposite provisions of Articles 1 and 3 of the Uniform Commercial Code. The government filed supplemental points and authorities in support of an injunction (# 7), and Salman filed an opposition (# 8).

The prior order pointed out that the power to enjoin an abusive litigant from filing future actions may be exercised only in rare circumstances and must take the form of a narrowly tailored order. (# 5 at 3–4, citing *De Long v. Hennessey,* 912 F.2d 1144, 1147–48 (9th Cir.1990), *cert. denied,* 498 U.S. 1001, 111 S.Ct. 562, 112 L.Ed.2d 569 (1990)). The court observed that the government had not shown the necessary conditions for issuance of such an order (a vexatious litigant order). (# 5 at 4).

After reviewing the government's supplemental brief, and having in mind the absurd nature of Salman's suit, the court is still unable to find Salman's "filings are so numerous or abusive that they should be enjoined." *De Long,* 912 F.2d at 1148 (after citing cases in which litigants filed 35, over

50, and over 600 complaints). Salman has filed several frivolous lawsuits over the years against various government actors, and the government alerts the court to three other cases in which Salman has sued the I.R.S. or its agents on the silly notion that the I.R.S. is not a United States government agency. Nevertheless, Ninth Circuit case law on vexatious litigant orders suggests they are to be issued very rarely. The cases on which the circuit has relied involved litigants who filed dozens or hundreds of suits regarding the same matter. The government has not shown Salman's activities descend to that level.

■ However, the number of filings alone is not necessarily determinative. This lawsuit was nothing more than naked harassment, and Salman is now warned: Should he file another like it against the I.R.S. in the future, he will defend against not only a vexatious litigant order but severe monetary sanctions under Rule 11 of the Federal Rules of Civil Procedure as well.

For the above reasons, **IT IS ORDERED** that the United States' motion for injunctive relief (# 3) is DENIED; the clerk shall administratively close this matter.