**Albert R. SALMAN, Plaintiff,**

v.

**Robert E. ROSE, Defendant.**

**No. CV–N–00–0037–JLQ(PHA).**

United States District Court,
D. Nevada.

July 3, 2000.

Albert R. Salman, Reno, NV, plaintiff pro se.

David M. Patton, Deputy Attorney General, Carson City, NV, P. Mark Ghan, Asst. Attorney General, Carson City, NV, for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE **INTER ALIA**

QUACKENBUSH, Senior District Judge.

**Before the Court** are Defendant's Motion for Enlargement of Time (Ct.Rec.6); Plaintiff's Notice and Demand to Strike Motion for Enlargement of Time (Ct. Rec.7); Defendant's Motion for Order En-

joining Plaintiff From Filing Further Actions (Ct.Rec.9) Defendant's Motion to Dismiss (Ct.Rec.10); Defendant's Motion for F.R.C.P. 11 Sanctions (Ct.Rec. 11); and Plaintiff's Motion for More Definite Statement (Ct.Rec.12) in the above-entitled matter. Having reviewed the record, and being fully advised in this matter. **It is Hereby Ordered** that Defendant's Motion for Enlargement of Time (Ct.Rec. 6) is **Granted;** Plaintiff's Motion to Strike Motion for Enlargement of Time (Ct.Rec.7) is **Denied;** Defendant's Motion for Order Enjoining Plaintiff From Filing Further Actions (Ct.Rec.9) is **Reserved;** Defendant's Motion to Dismiss (Ct.Rec.10) is **Granted;** Defendant's Motion for Sanctions (Ct.Rec.11) is **Reserved** and Plaintiff's Motion for More Definite Statement (Ct.Rec.12) is **Denied** for the following reasons.

### 1. Motion for Enlargement of Time

Defendant timely filed a Motion for Enlargement of Time to Answer or Otherwise Respond to Plaintiff's Complaint pursuant to Fed.R.Civ.P. 6(b). Plaintiff's Motion to Strike Motion for Enlargement of Time has no factual or legal basis. Accordingly, Defendant's Motion for Enlargement of Time is **Granted** and Plaintiff's Motion to Strike is **Denied.**

### 2. Motion to Dismiss

Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(h)(3); 12(b)(1) and 12(b)(6) is well taken.

On May 26, 1998, Albert Richard Salman was convicted in Washoe County, State of Nevada of fifteen (15) felony counts of being a felon in possession of a firearm. On January 7, 2000, Chief Justice Robert E. Rose of the Nevada Supreme Court entered an Order in Mr. Salman's appeal of those convictions concerning Mr. Salman's attempt to pursue his appeal **pro se.** *Salman v. The State of Nevada, No. 32704.*

Mr. Salman filed the instant **pro se** lawsuit against Justice Rose in his official judicial capacity. Mr. Salman states that Justice Rose was not acting in his official capacity when he entered the Order, but Mr. Salman's accusations make clear that what he is challenging is the January 7, 2000 Order which was clearly entered by Justice Rose in his official judicial capacity. Mr. Salman alleges;

(1) that Justice Rose knowingly, willfully, and intentionally issued the January 7, 2000 Order with complete and total knowledge that he did not have standing as a judicial officer in the Nevada Supreme Court because criminal charges Mr. Salman had filed with the Nevada Commission on Judicial Discipline against Justice Rose had never been adjudicated;

(2) that Justice Rose's January 7, 2000 Order denied Mr. Salman his Nevada constitutionally protected rights to appear and defend in person in any court Nevada; and

(3) that Justice Rose's January 7, 2000 Order denied Mr. Salman his United States Constitutional and Nevada Constitutional right to contract or not to contract.

Mr. Salman seeks $10,000.00 in damages as to each of his three claims. Mr. Salman attached two copies of the first page of the challenged January 7, 2000 Order to his Complaint in this case but did not include the page containing the ruling. Apparently, the Order denied Mr. Salman his request to argue his appeal **pro se.**

Mr. Salman's case is frivolous with no factual or legal basis for the following reasons:

#### A. Subject Matter Jurisdiction

 Plaintiff has failed to demonstrate that this court has subject matter jurisdiction over any injury related to the Nevada Supreme Court Order filed January 7, 2000 because federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over State court decisions. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), *Rooker v. Fidelity Trust Co.,*

263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

Plaintiff cites the Trading With the Enemy Act of October 6, 1917; Presidential Proclamation No.2038, March 5, 1933; Presidential Proclamation No.2039, March 6, 1933; Presidential Proclamation No.2040, March 6, 1933; 28 U.S.C. section 1331; and 28 U.S.C. section 1343(a)(1), (2), (3), and (4) in his attempt to invoke federal subject matter jurisdiction over this case.

■ Whether subject matter jurisdiction exists is a question of law. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir.1994). As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a State court in judicial proceedings. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986). "This is true even when the challenge to a [S]tate court decision involves federal constitutional issues." *Branson v. Nott*, 62 F.3d 287, 290 (9th Cir.), *cert. denied* 516 U.S. 1009, 116 S.Ct. 565, 133 L.Ed.2d 491 (1995). This rule arises from two jurisdictional statutes: 28 U.S.C. section 1331, which grants district courts original jurisdiction over "civil actions arising under federal law," and 28 U.S.C. section 1257, which grants the United States Supreme Court the right to review "final judgments ... rendered by the highest court of a State." This rule applies even when the State court judgment is not made by the highest State court. *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n. 3 (9th Cir.1986). The rule also applies when the challenge to the State court's actions involves federal constitutional issues. *Feldman, supra*, 460 U.S. at 484–86, 103 S.Ct. 1303. In *Feldman*, the Supreme Court held that if a constitutional claim presented to a district court is inextricably intertwined with a State court ruling, the district court is being asked to review a State court decision and has no subject matter jurisdiction over the claim.

Mr. Salman's Complaint is nothing more than an impermissible collateral attack on a prior State court decision. *See MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir.1987) (*per curiam*). Therefore, this court is without subject matter jurisdiction to grant the relief Mr. Salman seeks.

Mr. Salman's opposition to the Motion to Dismiss claims **inter alia** that "there is no Constitution", that the court has admiralty jurisdiction, and that *Long v. Shorebank Development Corp.*, 182 F.3d 548 (7th Cir. 1999) shows that this court does have jurisdiction because Plaintiff's cause of action is not inextricably intertwined with a State court judgment. However, the court in *Long* noted that the *Rooker–Feldman* doctrine dictates that federal courts lack subject matter jurisdiction, even if a State court judgment was erroneous or unconstitutional. The court found that the *Rooker–Feldman* doctrine applied to the plaintiff's due process claim but did not strip the district court of jurisdiction over her claims that the Defendants had violated the federal Fair Debt Collection Practices Act (FDCPA) because violation of the FDCPA were independent from the challenged eviction Order issued by a State court. Here, to the contrary Plaintiff's claims cannot be considered separate from the Order issued by Justice Rose. Therefore this court does not have subject matter jurisdiction over his claim under the *Rooker–Feldman* doctrine. Additionally, it is very clear that this case has nothing to do with admiralty law.

Plaintiff also attempts to assert jurisdiction under 42 U.S.C. section 1983 stating that Justice Rose violated his right to contract or not to contract. However, Plaintiff states no facts to support such a claim.

### B. Standing

■ Plaintiff has failed to establish that he has standing to bring this lawsuit. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), *Board of Natural Resources v. Brown*, 992 F.2d 937 (9th Cir. 1993). Standing is comprised of both constitutional and prudential elements limiting

a court's authority to review certain issues. *Brown, supra,* at 944. "The jurisdictional element of standing must be met in every case. *Id.* In order to establish standing a plaintiff must satisfy the case or controversy requirement of Article III of the United States Constitution." *Id.* at 945. A plaintiff must allege a present or immediate injury in fact which is fairly traceable to the challenged action and is likely to be redressed by a favorable court decision. *See Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 804, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). Plaintiff has alleged no facts to establish a present or immediate injury fairly traceable to the challenged State court Order. There is nothing in Plaintiff's Complaint that is likely to be redressed by a favorable court decision. Therefore, Plaintiff does not have standing to bring this lawsuit.

### C. Eleventh Amendment

 Plaintiff cannot state a claim for relief against Justice Rose in his official capacity because the Eleventh Amendment bars Plaintiff's lawsuit. Mr. Salman's claim that Justice Rose was not acting in his official capacity is clearly without merit. The Eleventh Amendment provides that a State may not be sued in federal court without its consent. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The Eleventh Amendment bars suits against State officials sued in their official capacity because an official-capacity lawsuit, is in all respects other than name, to be treated as a suit against the State. *See Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Justice Rose is a State official who was acting in his official capacity as Chief Justice of the Nevada Supreme Court when he entered the challenged January 7, 2000 Order. Because Mr. Salman is attempting to sue Justice Rose in his official capacity, the Eleventh Amendment bars his claims.

### D. Judicial Immunity

 Even if Mr. Salman could invoke subject matter jurisdiction and standing, and even if the Eleventh Amendment did not bar his claims against Justice Rose in his official capacity, Justice Rose has absolute judicial immunity from liability for actions taken in his official capacity. *See Ashelman v. Pope,* 793 F.2d 1072 (9th Cir.1986). Absolute immunity extends to state officials sued as individuals when performing judicial functions pursuant to State law. *See Chalkboard Inc. v. Brandt,* 902 F.2d 1375 (9th Cir.1989). Even "grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir.), *cert. denied,* 488 U.S. 995, 109 S.Ct. 561, 102 L.Ed.2d 587 (1988). Judges are protected by absolute immunity because Judges are exposed to a high likelihood of potential vexatious litigation and because the acts of Judges in their judicial capacity are subject to judicial review.

 While the doctrine of judicial immunity knows two limits, neither applies to Justice Rose. First, a judge "will be subject to liability ... when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Second, only judicial acts are protected. *Id.* at 360, 98 S.Ct. 1099. Mr. Salman argues that Justice Rose entered the challenged Order without jurisdiction, a completely frivolous claim and the Order entered by Justice Rose on January 7, 2000 is clearly a function normally performed by a judge. Justice Rose has absolute immunity for liability for the January 7, 2000 Order entered in the Justice's official capacity as a Justice of the Nevada Supreme Court.

Because Mr. Salman has not established federal court subject matter jurisdiction over his Complaint or established standing and because the Eleventh Amendment bar his claims against Justice Rose in his official capacity and because Justice Rose has absolute judicial immunity from liability for actions taken in his official capacity, Mr. Salman's Complaint and the claims

therein are completely frivolous and must be and are **Hereby Dismissed With Prejudice.**

### 3. Motion for Order Enjoining Plaintiff From Filing Further Actions

 Defendant asks this court to issue an Order limiting A.R. Salman's access to the Nevada Federal District Courts. However, Defendant acknowledges that before issuing such a restrictive order four guidelines must be followed: (1) A.R. Salman must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) a trial court must present an adequate record for review by listing the case filings that support its order; (3) the trial court must make substantive findings as to the frivolous or harassing nature of A.R. Salman's filings; and (4) the order must be narrowly tailored to remedy A.R. Salman's particular abuses. *DeLong v. Hennessey,* 912 F.2d 1144, 1148–49 (9th Cir.) *cert. denied by DeLong v. American Protective Services,* 498 U.S. 1001, 111 S.Ct. 562, 112 L.Ed.2d 569 (1990).

Plaintiff has been served with Defendant's Motion and has filed his opposition. Defendant has provided the court with case numbers of some of the Mr. Salman's **pro se** Complaints filed with the court. However, the court does not have adequate information to make substantive findings as to the frivolousness or harassing nature of Mr. Salman's filings. Therefore **It is Hereby Ordered** that on or before July 24, 2000, Defendant shall file with the court an affidavit listing all cases filed by A.R. Salman in the United States District Court for the District of Nevada, published or not, along with a brief description of why each lawsuit was frivolous or harassing with a copy mailed to the court at the following address:.

Judge Justin L. Quackenbush
United States District Court
Eastern District of Washington
P.O. Box 1432
Spokane, WA 99210

If no such affidavit is filed, the court will enter an Order denying the Motion for Order Enjoining Plaintiff From Filing Further Motions.

### 4. Motion for Rule 11 Sanctions

Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part:

(b) By presenting to the court whether by signing, filing, submitting, or later advocating a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

 An unrepresented party who signs a pleading has "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Business Guides Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 551, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). The main objective of Rule 11 is to deter baseless filings and curb litigation abuses. *Id.* at 553, 111 S.Ct. 922.

As noted above, Mr. Salman's Complaint is without basis in law or fact. Additionally, Mr. Salman has previously been sanctioned by federal and State courts for filing frivolous **pro se** lawsuits against judges and agencies of the United States. *See Salman v. Dept. of Treasury,* 899 F.Supp. 473 (D.Nev.1995); (*Salman v.* Jamieson 79 A.F.T.R.2d (RIA) 2667 (Dist. of Nev.1997)

connected case *Salman v. U.S. Supreme Court,* 833 F.2d 1017 (9th Cir.1987); *Salman v. IRS,* CV–N–89–465–ECR), *Salman v. Supreme Court,* CV–N–0038–DWH(VPC); *Salman v. Steinheimer,* CV–N–96–706–HDM(RAM), *Salman v. Springate,* CV–N–98–634–ECR; *Salman v. Breen, State of Nevada 2nd J.D.,* CV–96–2573; *Salman v. Lane, State of Nevada 2nd J.D.,* CV–97–405.

In *Salman v. Dept. of Treasury,* 899 F.Supp. 473 (Dist. of Nev., 1995), Mr. Salman claimed he owned the name "Department of Treasury—Internal Revenue Service" by virtue of having chartered a corporation in that name in Nevada. He further alleged that the IRS was wrongfully using that name and that the IRS was not in fact a United States government agency. The court published its Opinion that Mr. Salman's action was "wholly frivolous" and dismissed the case with prejudice. Prior to filing that lawsuit, Mr. Salman had brought over 10 lawsuits against the United States or its agents and had been sanctioned twice by the Ninth Circuit for taking frivolous appeals.

Mr. Salman filed a civil RICO action against Nevada Supreme Court Justices Robert E. Rose, Thomas L. Steffen, and Cliff Young. Mr. Salman filed the lawsuit **pro se.** The District Court dismissed the suit as being frivolous. Mr. Salman appealed **pro se** to the Ninth Circuit Court of Appeals. In an unpublished Opinion, the Ninth Circuit affirmed and sanctioned Mr. Salman in the amount of $3000.00.

■■■ A district court has the power to award sanctions *sua sponte* pursuant to Rule 11 and its inherent powers. It also has the power to impose sanctions after it has determined that it has no subject matter jurisdiction. *See Willy v. Coastal Corp.,* 503 U.S. 131, 137–38, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). Before imposing sanctions *sua sponte* under Rule 11, the court must provide the party with notice and a reasonable opportunity to be heard. Fed.R.Civ.P. 11(c). A district court must also provide the target of a proposed Rule 11 sanction with an opportunity to be heard "by directing an attorney, law firm or party to show cause why it has not violated subdivision (b) of Rule 11." *Buster v. Greisen,* 104 F.3d 1186, 1190 (9th Cir.), *cert. denied.* 522 U.S. 981, 118 S.Ct. 441, 139 L.Ed.2d 378 (1997).

In this case, Defendant filed a Motion for Rule 11 Sanctions on April 3, 2000. The motion had previously been served on Plaintiff. However, rather than filing an opposition to the motion, on March 27, 2000 Plaintiff filed a Motion for More Definite Statement concerning Defendant's Motion for Rule 11 Sanctions. Plaintiff asks the court to require the Defendant to "provide Plaintiff with a Motion for F.R.C.P. 11 Sanctions that is not vague and ambiguous." However, there is nothing vague or ambiguous about Defendant's Motion for Rule 11 sanctions.

Defendant seeks Rule 11 sanctions of $2,000.00 in attorney fees representing not less than twenty hours of attorney time and two hours of staff time to defend this lawsuit up to this point. The court finds this request to be a reasonable one. Defendant also asks the court to impose further sanctions in the form of a fine to be paid to the clerk of the court in an amount the court deems appropriate and further asks the court to order Mr. Salman to pay the sanctions within 60 days from the filing of this Order imposing sanctions and to provide the court with proof of payment of all sanctions within sixty (60) days from the filing of this Order. These requests are also reasonable.

**It is the Order of this court** that on or before July 24, 2000 Mr. Salman shall file a statement to show cause why the requested sanctions should not be imposed for the filing of a wholly frivolous Complaint against Justice Rose in violation of Rule 11(b) of the Federal Rules of Civil Procedure and mail a copy to this court at the following address:

Judge Justin L. Quackenbush
United States District Court
P.O. Box 1432
Spokane, WA 99210

If Plaintiff does not show cause by July 14, 2000, the court will grant Defendant's Motion for Rule 11 Sanctions.

Plaintiff's Motion for More Definite Statement (Ct.Rec. is **Denied**).

**IT IS SO ORDERED.** The Clerk is directed to enter this Opinion and Order and forward copies to Plaintiff and to counsel for the Defendant.