Albert R. SALMAN, Plaintiff,

v.

**STATE OF NEVADA COMMISSION ON JUDICIAL DISCIPLINE, et al., Defendants.**

No. CV–N–99–0659–JLQRAM.

United States District Court,
D. Nevada.

July 5, 2000.

Albert R. Salman, Reno, NV, plaintiff pro se.

David M. Patton, Deputy Attorney General, Carson City, NV, P. Mark Ghan, Asst. Attorney General, Carson City, NV, for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS AND ORDER TO SEAL IN-TER ALIA

QUACKENBUSH, Senior District Judge.

**Before the Court** are Defendants' Motion to Dismiss (Ct.Rec.6), Defendants' Motion for Order Enjoining Plaintiff From Filing Further Actions (Ct.Rec.19) Defendant's Motion for F.R.C.P. 11 Sanctions (Ct.Rec.24) and Plaintiff's Motion for More Definite Statement (Ct.Rec.23) in the above-entitled matter. Having reviewed the record, and being fully advised in this matter, **It is Hereby Ordered** that Defendants' Motion to Dismiss (Ct.Rec.6) is **Granted;** Defendants' Motion for Order Enjoining Plaintiff from Filing Further Actions (Ct.Rec.19) is **Reserved;** Defendant's Motion for Sanctions (Ct.Rec.24) is **Reserved;** and Plaintiff's Motion for More Definite Statement (Ct.Rec.23) is **Denied** for the following reasons.

### Factual Background

On May 26, 1998, Albert Richard Salman was convicted in Washoe County, State of Nevada of fifteen (15) felony counts of being a felon in possession of a firearm. On March 10, 1998, the Nevada Supreme Court denied Mr. Salman's Petition for Writ of Habeas Corpus. On or about May 17, 1999, Mr. Salman filed statements of complaints with the Nevada Commission on Judicial Discipline against Justice Cliff Young, Justice Robert Rose, Justice Deborah Agosti, Justice William Maupin, Justice Nancy Becker, Justice Myron Leavitt and Justice Mirriam Shearing, all being Justices of the Supreme Court of Nevada.

On May 19, 1999, Michelle Wright, Management Analyst II of the Nevada Commission on Judicial Discipline wrote to Mr. Salman acknowledging receipt of his complaints. Ms. Wright informed Mr. Salman that in accordance with Nevada Revised Statutes 1.4683 through 1.4693, all proceedings must be confidential until the Commission has made a determination of whether there is a reasonable probability that the evidence available could establish grounds for disciplinary action and a formal Statement of Charges has been filed against a judge. She warned Mr. Salman that any person who breaches the confidentiality of judicial disciplinary proceedings is subject to being found guilty of contempt. Finally, she assured Mr. Salman that his complaints would be considered by the Commission as soon as practicable.

On July 1, 1999, Mr. Salman wrote to the Commission asking when the next scheduled meeting would be, whether he would be allowed to attend, and if not, why not. On July 6, 1999, Ms. Wright answered Mr. Salman's letter telling him it appeared that the next scheduled meeting of the Commission would commence on either September 3 or 10, 1999. Ms. Wright also quoted the confidentiality provisions of NRS 1.4683 and enclosed a copy of the Commissions Process and Flow Chart. The pertinent part of NRS 1.4683 quoted by Ms. Wright is:

1. Except as otherwise provided in this section and NRS 1.4693, all proceedings of the commission must remain confidential until the commission makes a determination pursuant to NRS 1.467 and the prosecuting attorney files a formal statement of charges.

2. **The confidentiality required pursuant to subsection 1 also applies to all information and materials, written or oral, received or developed by the commission or its staff in the course of its work and relating to the alleged misconduct or incapacity of a judge.**

(Emphasis added).

The Process and Flow Chart shows that once a complaint if received, there is a preliminary screening by the Commission to determine whether the complaint states facts which if true establish grounds for discipline. At this point, the Commission may either dismiss the complaint or vote to investigate it. If an investigation is warranted, the Commission then reviews the investigative report and the complaint

to determine whether there exists sufficient cause to believe there is merit to the charges. If there is not, the complaint is dismissed. If the commission determines there is merit to the charges and that there is sufficient reason for a finding of probable cause, the judge is furnished with written notice and a copy of the complaint which must be answered in writing within thirty (30) days. A majority of the Commissioners must be present to make a finding of probable cause. If the Commission does not find probable cause, the matter is dismissed.

If probable cause is found, the Commission designates a prosecuting attorney who must sign under oath and file with the Commission a formal statement of charges. **Confidentiality only ceases with the filing of a formal statement of the charges.**

On July 12, 1999, Mr. Salman again wrote the Commission again asking whether he could be in attendance when his complaints were reviewed and if not, why not. Mr. Salman also asked that all Commission members and employees sign a waiver of their statutory immunity from liability for damages.

On July 13, 1999, Ms. Wright wrote to Mr. Salman in answer to his question about attending the commission hearing that *All* proceedings of the Commission are confidential until the filing of a formal statement of charges under NRS 1.4683.

On July 19, 1999, Mr. Salman wrote to the Commission and enclosed an affidavit for Ms. Wright to sign waiving her statutory immunity. Mr. Salman complained that "nowhere in the N.R.S. or the Nevada Supreme Court rules is there any mention . . . allowing the Commission to exclude me as the complainant." This letter also contained demands, including, **inter alia,** that he be informed of where and when and the time of the next Commission hearing so that he could attend.

On July 26, 1999, Ms. Wright wrote to Mr. Salman stating that she would no longer participate in Mr. Salman's letter writing campaign. She stated that in ret-rospect she probably should have just answered "No" to the question in his July 1, 1999 letter, inquiring if he could be in attendance rather than providing Mr. Salman with complete information regarding the rules and process of the Commission. Ms. Wright sent a copy of the July 26, 1999 letter to Leonard I. Gang, General Counsel/Executive Director of the Commission.

On August 16, 1999, Mr. Salman wrote to Mr. Gang demanding many things including to be in attendance at all hearings when the Commission considered his complaints.

On August 26, 1999, Mr. Gang responded enclosing a copy of NRS 1.4687 providing that all hearings must be open but that the Commission's deliberative sessions must remain private. Mr. Gang informed Mr. Salman that should his complaints proceed to a formal hearing, he would, of course be advised of the date and have an opportunity to be present.

On September 14, 1999, Mr. Gang wrote to Mr. Salman, advising him that the Commission had reviewed his complaints and that the facts set forth by Mr. Salman did not establish a violation of the Nevada Code of Judicial Conduct and that his complaint had, therefore, been dismissed.

Mr. Salman filed the instant case against the State of Nevada Commission on Judicial Discipline; Commission employees, Leonard Gang and Michelle Wright; and Commission members Frank Brusa, Steve Chappell, Brent Adams, Donald Campbell, Valerie Cook, Diana Glomb and Sally Loehren alleging that the Defendants "while acting in their official quasi-judicial capacities" denied Mr. Salman due process and equal protection rights by failing to allow Mr. Salman to attend the Commission's initial confidential review and deliberation over Mr. Salman's complaints filed with the Commission. Mr. Salman further alleges that Commission employees failed to inform him of his administrative and statutory rights and failed to respond to his demand that certain Commission em-

ployees waive their statutory right to immunity. Mr. Salman further alleges that the Commission has created and defined two classes of citizens within the State of Nevada: (1) Judges, who have the right and privilege to be present during hearings before the Commission and a right to appeal and (2) Mr. Salman, who is not permitted to attend a Commission hearing and has no right to appeal the Commissions decision. Mr. Salmon seeks damages in the amount of $10,000.00 for each of five claims.

█ Mr. Salman attached to his Complaint as Exhibit 1 copies of the complaints he filed against the Supreme Court Justices with the Commission. Defendants ask that the court strike exhibit 1 from Plaintiff's Complaint. The court agrees with Defendants that exhibit 1 unfairly attacks people, who are not parties to this lawsuit apparently solely to embarrass those people named, and the exhibit has no useful purpose in advancing Plaintiff's Complaint. Therefore, **It Is the Order of this court that** Exhibit 1 is **Hereby Stricken. It is Further Ordered** that the Clerk shall remove Exhibit 1 from Plaintiff's Complaint and place Exhibit 1 under seal to be opened only upon Order of the court.

## 1. *Motion to Dismiss*
### A. Subject Matter Jurisdiction

Defendants contend that Plaintiff's Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(h)(3) and 12(b)(1) claiming that Plaintiff has failed to show that he has suffered any injury protected by federal law as the result of the Defendants' actions, and therefore, Plaintiff is without standing to bring this Complaint and has failed to demonstrate a basis for federal jurisdiction.

Plaintiff cites the Trading With the Enemy Act of October 6, 1917; Presidential Proclamation No.2038, March 5, 1933; Presidential Proclamation No.2039, March 6, 1933; Presidential Proclamation No.2040, March 6, 1933; 28 U.S.C. section 1331; and 28 U.S.C. section 1343(a)(1), (2),

(3), and (4) in his attempt to invoke federal subject matter jurisdiction over this case. Mr. Salman also attempts to invoke admiralty jurisdiction. Plaintiff's argument that the gold fringe around an American flag in a courtroom designates admiralty jurisdiction is one of several wholly frivolous arguments. However, Plaintiff also alleges that Defendants have violated his due process and equal protection rights under the United States Constitution. Therefore, the court will construe Plaintiff's Complaint as a 42 U.S.C. section 1983 action, construing all facts alleged by the Plaintiff, and inferences therefrom in the light most favorable to Mr. Salman.

Defendants also seek dismissal of Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief may be granted. It is clear that Plaintiff's claims are frivolous, and, therefore, Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is well taken.

In determining whether a Complaint should be dismissed pursuant to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in a complaint are accepted as true and are to be construed in the light most favorable to the non-moving party. *Russell v. Landrieu*, 621 F.2d 1037 (9th Cir.1980). A dismissal under F.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law. *North Star International v. Arizona Corp. Comm.*, 720 F.2d 578 (9th Cir.1983). It must appear to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Halet v. Wend Investment Co.*, 672 F.2d 1305 (9th Cir.1982). However, sweeping conclusory allegations will not suffice to defeat a 12(b)(6) motion to dismiss. *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir.1988).

Mr. Salman alleges that (1) he was excluded from the Commission's review and deliberations of Mr. Salman's judicial complaint; (2) Commission employees failed to inform Plaintiff of his administrative and

statutory rights; and (3) Plaintiff is treated differently than disciplined judges because Mr. Salman is not allowed to appeal an adverse Commission decision on his claims, while a judge is allowed to appeal a Commission decision to discipline him or her.

■ It is very clear that Mr. Salman will not be entitled to relief under any set of facts that could be proven under the allegations of his Complaint. The Constitution of the State of Nevada and the Administrative and Procedural Rules for the Nevada Commission on Judicial Discipline require confidentiality until and if there has been a determination of probable cause and a filing of a formal statement of charges against a judge. *See Nevada Constitution Art. 6 section 21; A.R.J.D. Rule 5* (providing detailed procedures regarding the duties of the Commission regarding the confidentiality of proceedings).

Both Ms. Wright and Mr. Gang informed Mr. Salman several times by letter of these confidentiality provisions. Mr. Salman complains that they did not define "confidential." However, it is clear that under the Nevada Constitution and A.R.J.D. rules the employees of the Commission had no authority to allow Mr. Salman to attend the initial review of his complaint.

The Procedural Rules for the Nevada Commission on Judicial Discipline provide that the Commission has authority to dismiss a complaint at various stages of a Commission review. The rules further provide that an appeal may be taken to the Nevada Supreme Court from an order of censure, removal or retirement of a State judge. A.R.D. Rule 39. There is no provision allowing an individual who files a complaint against a judge or judges to appeal a Commission dismissal of the complaint.

Mr. Salman also claims that the Defendants, acting in their official capacities, denied him of his due process and equal protection rights under the United States Constitution. Mr. Salman argues that "the State of Nevada can be sued under section 1983." He states that "[t]he word 'person' in 42 U.S.C. section 1983, includes the States and [S]tate officials acting in their official capacities." citing to The *Dictionary Act.* This is blatant misstatement of the law.

**B. Eleventh Amendment Immunity**

■ The Eleventh Amendment to the United States Constitution provides that a State may not be sued in federal court without its consent. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Nevada has not waived Eleventh Amendment immunity. *See* NRS 41.031 ("The State of Nevada does not waive its immunity from suit"). Eleventh Amendment immunity also applies to agencies of a State. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (holding that a state agency is immune from suit under the Eleventh Amendment). Defendant State of Nevada Commission on Judicial Discipline, is an agency or department of the State of Nevada and is therefore immune from this lawsuit.

■ In *Will v. Michigan Dep't of State Police, supra,* the Supreme Court held that "States or governmental entities that are considered "arms of the State for Eleventh Amendment purposes" are also not "persons" under section 1983. Additionally, the Court clarified that a suit against a State official in his official capacity is no different from a suit against the State itself. *Id.* at 71, 109 S.Ct. 2304. Therefore, State officials sued in their official capacities are not "persons" within the meaning of section 1983. *See Doe v. Lawrence Livermore National Laboratory,* 131 F.3d 836 (9th Cir.1997). The Eleventh Amendment bars suits against State officials sued in their official capacity because an official-capacity lawsuit, is in all respects other than name to be treated as a suit against the State. *See Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

Mr. Salman's suit alleges that the defendants "at all times mentioned were in their

official quasi-judicial capacities." Therefore, Mr. Salman's lawsuit against the Commission, Commission members and Commission employees in their official capacities is barred by the Eleventh Amendment.

Mr. Salman alleges that the Eleventh Amendment to the Constitution does not apply to this case because "[t]he Constitution of the United States was suspended on March 9, 1933, when the traitor President Roosevelt declared a national emergency. When Congress approved the President's declared emergency, there is no Constitution."

This is another of Mr. Salman's wholly frivolous arguments. It is very clear that the Eleventh Amendment bars any claim Mr. Salman has against the Nevada Commission on Judicial Discipline, as well as the other Defendants in their official capacity.

### C. Quasi Judicial Immunity

■ Even if the court were to construe Mr. Salman's Complaint as being claims against the Commission members and employees in their individual capacities, Mr. Salman's claims are barred by absolute quasi-judicial immunity. Although the Eleventh Amendment does not bar suits against State officials sued in their individual capacities, absolute immunity does extend to State officials sued as individuals when performing judicial or prosecutorial functions pursuant to State law. *See Chalkboard Inc. v. Brandt*, 902 F.2d 1375 (9th Cir.1989), *cert. denied*, 498 U.S. 980, 111 S.Ct. 509, 112 L.Ed.2d 521 (1990).

■ Absolute immunity extends to agency officials when they preside over hearings, initiate agency adjudication, or otherwise perform functions analogous to judges and prosecutors. *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). The Supreme Court has adopted a "functional approach" to determine whether an official is entitled to absolute immunity. This approach looks to the nature of the function performed, not the identity of the actor who performed it. *Buckley v. Fitzsimmons*, 509

U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). In extending absolute immunity to those within administrative agencies who perform prosecutorial and judicial functions, the Court recognized that administrative proceedings are usually adversarial in nature and provide many of the same features and safeguards that are provided in court.

■ The factors cited by the *Butz* Court apply equally to the personnel of the State of Nevada Commission on Judicial Discipline. Hearings are adversarial, errors are correctable on appeal, the judges make factual findings and perform other adjudicatory functions, and their decisions are controversial enough to stimulate harassing damage actions against the adjudicators, as this case filed by Mr. Salman illustrates. *See Hirsh v. Justices of Supreme Court of State of California*, 67 F.3d 708 (9th Cir.1995).

Again, Mr. Salman's argument that "the whitewashing of a citizen's complaints of criminal and crooked Justices of the Supreme Court of the State of Nevada" prevents the application of quasi judicial immunity is a wholly frivolous and harassing argument.

### D. Qualified Immunity

■ Even if Defendants were not absolutely immune from Mr. Salman's lawsuit, the Commission members and employees in their individual capacities have qualified immunity from Mr. Salman's claims. Government officials who perform discretionary functions are entitled to qualified immunity only "only insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). This test necessitates a two-part analysis: "(1) whether the law governing the official's conduct was clearly established, and (2) whether, given this clearly established standard, a reasonable official could believe that his or her conduct was

lawful." *Biggs v. Best, Best & Krieger*, 189 F.3d 989 (9th Cir.1999).

A Plaintiff bears the burden of proof regarding whether a right is clearly established. *Id.* The test for determining whether a law is clearly established "requires more than an alleged violation of extremely abstract rights." *Tribble v. Gardner*, 860 F.2d 321, 324 (9th Cir.1988) (citations omitted), *cert. denied* 490 U.S. 1075, 109 S.Ct. 2087, 104 L.Ed.2d 650 (1989). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *DiRuzza v. County of Tehama*, 206 F.3d 1304, 1313 (9th Cir. 2000). This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of preexisting law the unlawfulness must be apparent. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (citations omitted).

Mr. Salman alleges that (1) he was excluded from the Commission's review and deliberations of Mr. Salman's criminal allegations; (2) Commission employees failed to inform Mr. Salman of his administrative and statutory rights; and (3) Mr. Salman is treated differently than disciplined judges because Mr. Salman is not allowed to appeal a Commission to dismiss Mr. Salman's complaint, while a judge is allowed to appeal a Commission decision to discipline the judge.

Mr. Salman has completely failed to allege that any of the named Defendants violated clearly established statutory or constitutional rights of which a reasonable person would have known. Again, Mr. Salman's argument that *United States v. Lee*, 106 U.S. 196, 220, 1 S.Ct. 240, 27 L.Ed. 171 (1882) precludes application of qualified immunity for these Defendants is another wholly frivolous argument.

Because it is clear that Mr. Salman has failed to state a claim for which relief may be granted, and because it is also clear that Eleventh Amendment, and Quasi Judicial Absolute Immunity and the Doctrine of Qualified Immunity protect Defendants from this lawsuit, Mr. Salman's Complaint and the claims therein are completely frivolous and must be and are **Hereby Dismissed With Prejudice.**

Finally, Mr. Salman attached to his Opposition to the Motion to Dismiss a general Preliminary Order entered by Judge Edward C. Reed of the District of Nevada concerning a requirement of a discovery plan and scheduling order exempting from those requirements in matters assigned to Judge Reed cases in which *all* plaintiffs or *all* defendants are **pro se.**

Mr. Salman's claim that by exempting **pro se** litigants from these requirements means that no **pro se** litigant can ever survive a Motion to Dismiss or a Motion for Summary Judgment and that "if Defendants had submitted a blank piece of paper with the words "Motion to Dismiss" this court would grant the motion" has absolutely no merit whatsoever.

### 2. *Motion for Order Enjoining Plaintiff From Filing Further Actions*

Defendants ask this court to issue an Order limiting A.R. Salman's access to the Nevada Federal District Courts. However, Defendant acknowledges that before issuing such a restrictive order four guidelines must be followed: (1) A.R. Salman must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) a trial court must present an adequate record for review by listing the case filings that support its order; (3) the trial court must make substantive findings as to the frivolous or harassing nature of A.R. Salman's filings; and (4) the order must be narrowly tailored to remedy A.R. Salman's particular abuses. *DeLong v. Hennessey*, 912 F.2d 1144, 1148–49 (9th Cir.) *cert. denied, DeLong v. American Protective Services*, 498 U.S. 1001, 111 S.Ct. 562, 112 L.Ed.2d 569 (1990).

Plaintiff has been served with Defendants' Motion and has filed his opposition. Defendants have provided the court with

case numbers of some of the Mr. Salman's **pro se** Complaints filed with the court. However, the court does not have adequate information to make substantive findings as to the frivolousness or harassing nature of Mr. Salman's filings. Therefore **It is Hereby Ordered** that on or before July 24, 2000, Defendants shall file with the court an affidavit listing all cases filed by A.R. Salman in the United States District Court for the District of Nevada, published or not, along with a brief description of why each lawsuit was frivolous or harassing with a copy mailed to the court at the following address:

Judge Justin L. Quackenbush
United States District Court
Eastern District of Washington
P.O. Box 1432
Spokane, WA 99210

If no such affidavit is filed, the court will enter an Order denying the Motion for Order Enjoining Plaintiff From Filing Further Actions.

### 3. *Motion for Rule 11 Sanctions*

Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

An unrepresented party who signs a pleading has "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing". *Business Guides v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 551, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). The main objective of Rule 11 is to deter baseless filings and curb litigation abuses. *Id.* at 553, 111 S.Ct. 922.

As noted above, Mr. Salman's Complaint is without basis in law or fact. Additionally, Mr. Salman has previously been sanctioned by federal and State courts for filing frivolous **pro se** lawsuits against judges and agencies of the United States. *See Salman v. Dept. of Treasury–I.R.S.*, 899 F.Supp. 473 (D.Nev.1995); *Salman v. Jameson*, 79 A.F.T.R.2d (RIA) 97–2667, 1997 WL 416340 (D.Nev.1997) connected case *Salman v. U.S. Supreme Court*, 833 F.2d 1017 (9th Cir.1987); *Salman v. IRS*, (CV–N–89–465–ECR), *Salman v. Supreme Court*, CV–N–0038–DWH(VPC); *Salman v. Steinheimer*, CV–N–96–706–HDM(RAM), *Salman v. Springate*, CV–N–98–634–ECR; *Salman v. Breen, State of Nevada 2nd J.D.*, CV–96–2573; *Salman v. Lane, State of Nevada 2nd J.D.*, CV–97–405.

In *Salman v. Dept. of Treasury–I.R.S.*, 899 F.Supp. 473 (D.Nev.1995), Mr. Salman claimed he owned the name "Department of Treasury–Internal Revenue Service" by virtue of having chartered a corporation in that name in Nevada. He further alleged that the IRS was wrongfully using that name and that the IRS was not in fact a United States government agency. The court published its opinion that Mr. Salman's action was "wholly frivolous" and dismissed the case with prejudice. Prior to filing that lawsuit, Mr. Salman had brought over 10 lawsuits against the United States or its agents and had been sanctioned twice by the Ninth Circuit for taking frivolous appeals.

Mr. Salman appealed **pro se** to the Ninth Circuit Court of Appeals the dis-

missal of his civil RICO action against Nevada Supreme Court Justices Robert E. Rose, Thomas L. Steffen, and Cliff Young as being frivolous. In an unpublished Opinion, the Ninth Circuit affirmed and sanctioned Mr. Salman in the amount of $3000.00. A Nevada State court ordered Mr. Salman to pay sanctions for filing a frivolous lawsuit against judges in the amount of $12,500 for filing a patently vexatious law suit. *See Salman v. Durant,* (State of Nevada, 2nd J.D. No. CV96–02573).

■ A district court has the power to award sanctions *sua sponte* pursuant to Rule 11 and its inherent powers. It also has the power to impose sanctions after it has determined that it has no subject matter jurisdiction. *See Willy v. Coastal Corp.,* 503 U.S. 131, 137–38, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). Before imposing sanctions *sua sponte* under Rule 11, the court must provide the party with notice and a reasonable opportunity to be heard. Fed.R.Civ.P. 11(c). A district court must also provide the target of a proposed Rule 11 sanction with an opportunity to be heard "by directing an attorney, law firm or party to show cause why it has not violated subdivision (b) of Rule 11." *Buster v. Greisen,* 104 F.3d 1186, 1190 (9th Cir.), *cert. denied.* 522 U.S. 981, 118 S.Ct. 441, 139 L.Ed.2d 378 (1997).

In this case, Defendants filed a Motion for Rule 11 Sanctions on April 3, 2000. The motion had previously been served on Plaintiff. However, rather than filing an opposition to the motion, on March 27, 2000 Plaintiff filed a Motion for More Definite Statement concerning Defendants' Motion for Rule 11 Sanctions. Plaintiff asks the court to require the Defendant s to "provide Plaintiff with a Motion for F.R.C.P. 11 Sanctions that is not vague and ambiguous." However, there is nothing vague or ambiguous about Defendants' Motion for Rule 11 sanctions.

Defendants seek Rule 11 sanctions of $4,000.00 in attorney fees representing not less than forty hours of attorney time and four hours of staff time to defend this lawsuit up to this point. The court finds this request to be a reasonable one. Defendants also ask the court to impose further sanctions in the form of a fine to be paid to the clerk of the court in an amount the court deems appropriate and further asks the court to order Mr. Salman to pay the sanctions within 60 days from the filing of this Order imposing sanctions and to provide the court with proof of payment of all sanctions within sixty (60) days from the filing of this Order. These requests are also reasonable.

**It is the Order of this court** that on or before July 24, 2000, Mr. Salman shall file a statement to show cause why the requested sanctions should not be imposed for the filing of a wholly frivolous Complaint against the Commission on Judicial Discipline, Commission members and staff and mail a copy to this court at the following address:

Judge Justin L. Quackenbush
United States District Court
P.O. Box 1432
Spokane, WA 99210

Plaintiff's Motion for More Definite Statement (Ct.Rec.) is **Denied.**

**IT IS SO ORDERED.** The Clerk is directed to enter this Opinion and Order and forward copies to Plaintiff and to counsel for the Defendant.